**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

KEHUI PAN,                                                      Case No.

                              Plaintiff,                       **COMPLAINT**

              -against-                                         **Jury Trial Demanded**

WSA 2023 INC. d/b/a Chambers Fine Art,
C&M 2020 INC, CHAMBERS 2010, INC. and
CHRISTOPHER W. MAO,

                              Defendants.
-------------------------------------------------------------X

      Plaintiff Kehui Pan ("Pan" or "Plaintiff") alleges against Defendants WSA 2023 Inc.

d/b/a Chambers Fine Art, C&M 2020 Inc, Chambers 2010, Inc. (collectively, "Chambers Fine

Art" or the "Company") and Christopher W. Mao ("Mao") (altogether, "Defendants") upon

information and belief, as follows:

## NATURE OF THE CLAIMS

1. Pan, a former employee of Chambers Fine Art, was blatantly discriminated against and

   forced to endure a hostile work environment because of her pregnant status (and prospective

   pregnant status).  Mao – Company Owner asked Pan whether she planned on having a family

   and if so how that would be an issue.  **The Defendants ultimately terminated Pan just one**

   **day after she emailed the Company that she was pregnant.**

2. Thankfully, the New York State and New York City anti-discrimination laws are intended to

   afford the same rights as all employees, no matter their pregnant status, and provide them

   with the dignity and respect they deserve in the workplace.  As such, this is an action for

   declaratory, injunctive and monetary relief to redress Defendants' unlawful employment

practices, including unlawful discrimination and a hostile work environment committed against the Plaintiff.

3. As such, Pan complains pursuant to the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL") seeking damages to redress the injuries she has suffered as a result of being discriminated against and forced to endure a hostile work environment by her former employer on the basis of her pregnant status.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

5. Pan, at all times relevant to the Complaint, was, and still is, a citizen of the State of New Jersey.

6. WSA 2023 Inc. d/b/a Chambers Fine Art, at all times relevant to this Complaint, was, and still is a New York domestic business corporation.

7. C&M 2020 Inc, at all times relevant to this Complaint, was, and still is a New York domestic business corporation.

8. Chambers 2010, Inc., at all times relevant to this Complaint, was, and still is a New York domestic business corporation.

9. Mao, at all times relevant to this Complaint, was, and still is, a citizen of New York.

10. The allegations contained within this Complaint indicate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district. Defendants' business and employment records are also located in this district.

## PARTIES

12. Plaintiff Kehui Pan ("Pan" or "Plaintiff") is a resident of Hudson County in the State of New Jersey.

13. Defendant WSA 2023 Inc. d/b/a Chambers Fine Art was and is a domestic business corporation existing under the laws of the State of New York.

14. WSA 2023 Inc. was and is authorized to conduct business in the State of New York.

15. WSA 2023 Inc. was and is located at 55 E 11th Street, New York NY 10003.

16. Defendant C&M 2020 Inc was and is a domestic business corporation existing under the laws of the State of New York.

17. C&M 2020 Inc was and is authorized to conduct business in the State of New York.

18. C&M 2020 Inc was is located at 55 E 11th Street, New York NY 10003.

19. Defendant Chambers 2010, Inc. was and is a domestic business corporation existing under the laws of the State of New York.

20. Chambers 2010, Inc. was and is authorized to conduct business in the State of New York.

21. Chambers 2010, Inc. was and is located at 55 E 11th Street, New York NY 10003.

22. WSA 2023 Inc. d/b/a Chambers Fine Art, C&M 2020 Inc and Chambers 2010, Inc. are collectively referred to as "Chambers Fine Art" or the "Company."

23. Defendant Christopher W. Mao ("Mao") was and is resident of the State of New York.

24. Mao was and is employed by WSA 2023 Inc.

25. Mao was and is the Owner of WSA 2023 Inc.

26. Mao was and is employed by C&M 2020 Inc.

27. Mao was and is the Owner of C&M 2020 Inc.

28. Mao was and is employed by Chambers 2010, Inc.

29. Mao was and is the Owner of Chambers 2010, Inc.

30. In that role, Mao was Pan's supervisor.

31. Mao had authority to hire Pan, fire Pan, discipline Pan, set Pan's pay rate and determine Pan's schedule.

## **FACTUAL ALLEGATIONS**

32. On or about October 4, 2022, Pan commenced employment with Chambers Fine Art.

33. Pan was employed as Gallery Manager.

34. Pan's job duties and responsibilities included but were not limited to: gallery operation, helping with sales documents such as invoice and tracking, shipping and logistics, art fair preparation, social media, PR, delegating interns, and acting as a liaison with artists and clients.

35. Pan was paid as a W-2 employee in accordance with a $43,000.00 annual salary (paid by direct deposit once a month).

36. Pan worked for Chambers Fine Art at 55 E 11th Street, New York NY 11003.

NYSHRL & NYCHRL Pregnancy Discrimination and Hostile Work Environment

37. Pan was discriminated against and forced to endure a hostile work environment due to her pregnancy (and prospective pregnancy) during her employment with Chambers Fine Art.

38. On October 3, 2022, Pan interviewed for the job at Chambers Fine Art with Mao.

39. At the interview, Mao asked Pan how old she was and how old her husband was.

40. After Pan replied, Mao asked, **Do you plan on having a family?**

41. Uncomfortable with the line of questioning, Pan nonetheless said she planned on starting a family within a year or two.

42. Pan then asked Mao, If I get pregnant, would this be an issue?

43. Mao responded, **Yes, because I previously had a female employee who got pregnant. She was a gallery manager (the same position Pan was interviewing for). Once she got pregnant and had a baby, the operations went down. I am worried the same thing would happen again.** Mao told Pan he was looking for someone long term.

44. After the interview concluded, Mao found Pan qualified for the job and hired her as gallery manager, with a start date of October 4, 2022.

45. Over the next several months following her hire, Pan was repeatedly praised for her performance.

46. At a December 2022 weekly staff meeting, Mao said that he was very happy with Pan and all the operations are up and running.

47. However, Mao couched his praise by saying, **God forbid, who knows when Kiki (Pan) will get pregnant**.

48. Robert Zhu ("Zhu") – Mao's assistant, Ying Zhou (sales director) and Steve (intern) were present at this weekly staff meeting.

49. In mid-January 2023, Pan received a positive pregnancy test.

50. On Monday, January 23, 2023, Pan told Mao and Zhu that she needed a personal day off on Tuesday for a doctor's appointment. Mao said, Well since you put it that way (the appointment was already scheduled), I can't say anything.

51. On Tuesday, January 24, 2023, Pan went for an OB appointment at Elite OBGYN, located at 777 Terrace Ave, Suite #302, Hasbrouck Heights NJ 07604. **At the appointment, the Doctor confirmed that Pan was pregnant.**

52. On the following day (Wednesday, January 25, 2023), Pan returned to work at Chambers Fine Art.

53. **On Thursday, January 26, 2023, Pan verbally told Zhu that she was pregnant.**

54. Specifically, Pan said, Robert (Zhu), Actually on Tuesday I visited my OB.  Initially, I had a dentist appointment, but I called them to tell them I am pregnant and the dentist said to postpone the dental surgery until my second trimester.  Zhu, hesitating said, Shall I say congratulations?

55. Later that day, Mao asked Pan to provide proof of her Tuesday doctor's visit.  Pan was confused but nonetheless agreed.

56. At the end of Pan's shift on Thursday, January 26, 2023, Mao told Pan, I would like to do a performance review with you next week.  Pan had never received a review up to that point.

57. On Friday, January 27, 2023, Pan worked her normal shift as scheduled.  Mao was in Boston and not present at the gallery this day.

58. On Saturday, January 28, 2023, all Chambers Fine Art employees (including Pan and Mao) attended a Chinese New Year party, "The Rabbit Project" at Phillips, 432 Park Ave, New York NY 10022.

59. On Sunday, January 29, 2023, Pan emailed Mao and Zhu as follows:

> **Good evening Chris,**
>
> **As you know, I took a personal day off last Tuesday, January 24, 2023, for a doctor's visit.  The testing results show that I am pregnant.  As you requested, please see the attached report for proof of the visit.**
>
> **I'd like to give you a heads-up that I will have to take another day off in the second week of February 23023 for my second OB visit.**
>
> **Thank you so much,**
> **Kehui Pan**

60. On Monday, January 30, 2023, Pan went to work for her scheduled shift.  Pan spoke to Zhu and said, I sent you guys an email last night.  I want to make sure you received it.

61. Zhu responded by claiming, Yes, I saw it.  Chris (Mao) didn't see it, but I will let him know.

62. Then Pan asked Zhu, Are we still having the performance review?  Zhu said, Let me check with Chris (Mao).

63. Around 12:00 p.m. that day, Mao told Pan, Let's do the performance review around 2:00 p.m. or 2:30 p.m.  Pan said, Sure, that works for me.

64. Around 2:00 p.m., Mao and Pan met in the library (it was just the two of them).  At the meeting, Mao said, This is not a 9 to 5 job.  As a gallery manager, I expect you to work extra hours to get things done.  I told you this is an annual salary position, not an hourly rate position.  So, working extra hours to get things done is your responsibility and clearly you can't meet that.

65. Mao further told Pan, You took two days off during your first three months while you were on a trial period.  You cannot take any days off during the trial period, so the decision is I don't think you're qualified.

66. Pan then asked Mao whether she should come in for the rest of the week to help with the transition and Mao said No, You don't need to.

67. Pan was terminated by the Defendants just one day after she emailed that she was pregnant.

68. Pan was terminated by the Defendants due to her pregnant status.

69. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

70. As a result of the Defendants actions, Plaintiff has suffered lost wages.

71. As a result of the Defendants actions, Plaintiff suffered severe emotional distress.

72. As Defendants conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages.

**FIRST CAUSE OF ACTION**
**(Pregnancy Discrimination in Violation of NYCHRL)**

73. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

74. By the actions described above, among others, Defendants have discriminated against Plaintiff because of her pregnant status in violation of the NYCHRL.

75. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**SECOND CAUSE OF ACTION**
**(Hostile Work Environment in Violation of NYCHRL)**

76. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

77. By the actions described above, Plaintiff was treated less well because of her pregnant status.

78. The Defendants created a hostile work environment for the Plaintiff in violation of the NYCHRL.

79. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**THIRD CAUSE OF ACTION**
**(Pregnancy Discrimination in Violation of NYSHRL)**

80. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

81. By the actions described above, among others, Defendants have discriminated against Plaintiff because of her pregnant status in violation of the NYSHRL.

82. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

### FOURTH CAUSE OF ACTION
**(Hostile Work Environment in Violation of NYSHRL)**

83. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

84. By the actions described above, Plaintiff was treated less well because of her pregnant status.

85. The Defendants created a hostile work environment for Plaintiff in violation of the NYSHRL.

86. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable state and city law;

B. An injunction and order permanently removing and clearing information to the contrary contained in Plaintiff's employee file and restraining Defendants from engaging in such unlawful conduct;

C. An award of compensatory damages as of result of Defendants' violation of the NYSHRL and NYCHRL;

D.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

E.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional and psychological pain and suffering, emotional and psychological distress;

F.  An award of punitive damages;

G.  An award of prejudgment and post-judgment interest;

H.  An award of costs and attorneys' fees pursuant to applicable law; and

I.  An award of such other relief that the Court deems just and proper.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: February 22, 2023
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff*